IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AMANDA ISABEL FANEGO CARDOSO,**

    Petitioner,

v.                                                                                    Case No. 2:25-cv-00968-WJ-JMR

**KRISTI NOEM,** Secretary of the
U.S. Department of Homeland Security;
**PAM BONDI,**
Attorney General of the United States;
**TODD M. LYONS,** Acting Director and Senior Official Performing the Duties of the Director of
U.S. Immigration and Customs Enforcement,
**MARY DE ANDA-YBARRA,** Director,
El Paso Field Office,
U.S. Immigration and Customs Enforcement; and
**DORA CASTRO,** Warden, Otero County Processing Center;
in their official capacities,

    Respondents.

**ORDER DENYING TRO WITHOUT PREJUDICE, DIRECTING PETITIONER TO EFFECTUATE SERVICE OF MOTIONS, AND SETTING BRIEFING SCHEDULE**

THIS MATTER comes before the Court upon Petitioner Amanda Isabel Fanego Cardoso's Petition for Writ of Mandamus **[Doc. 9],** Emergency Motion for a Temporary Restraining Order and Preliminary Injunction **[Doc. 10]**, Amended Petition for Writ of Mandamus **[Doc. 11]**, and Amended Emergency Motion for a Temporary Restraining Order and Preliminary Injunction **[Doc. 12]**.

Petitioner, a 21-year-old, pregnant, Cuban national, was paroled into the United States on December 24, 2023, filed a Form I-485 Application of Adjustment of Status on March 7, 2025, was arrested and detained by ICE on September 4, 2025, and ultimately transferred to Otero County Processing Center in Chaparral, New Mexico, where she remains detained.  **[Doc. 12 at 2;**

**Doc. 11 at 2].** Petitioner seeks both habeas relief pursuant to the Court's authority under 28 U.S.C. § 2241 and mandamus relief pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1).

Petitioner's habeas corpus Petition also states that on August 25, 2025, she was arrested and charged with grand theft, a felony, in Orlando, Florida. **[Doc. 1 at 9]**. The charges remain pending in Florida. Exhibits to her Petition also indicate that Notice to Appear on January 22, 2026, has been issued on her I-485 Application. **[Doc. 1-1 at 8]**.

There is no claim or allegation that Petitioner's removal is imminent. Any threat, therefore, of Petitioner's removal from the United States, does not appear to be immediate. 42 Am. Jur. 2d *Injunctions* § 8 ("A temporary restraining order is an extraordinary and drastic remedy, which must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain."). Further, although Petitioner does make allegations that she is unable to receive adequate pregnancy care while detained, she does not provide any actual medical evidence as to what care she is not receiving and how that lack of care is or imminently will impact the pregnancy. **[Doc. 12 at 8-10; Doc. 1, Exhibit D]**. Upon review of the record in its present form and applicable law, the Court finds that the current circumstances do not sufficiently meet the necessary showing of immediacy required to justify an *ex parte* TRO at this stage. *See* Fed. R. Civ. P. 65(b)(1)(A). The Motions for a TRO, (Docs. 10, 12), are accordingly **DENIED** — without prejudice to the request for a preliminary junction. An individual hearing on the merits of Petitioner's requests for habeas corpus and mandamus relief will be scheduled by separate order.

Although the factual predicate for a TRO has not been laid, there is merit to Petitioner's concern regarding maintaining her ability to pursue adjudication of her habeas claims in this Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (a district court's habeas authority is limited to petitioners detained within its jurisdiction). To that end, the Court deems it necessary and

appropriate to exercise its inherent authority to enter an order in aid of its jurisdiction in this matter. *See Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997). The Court therefore **ORDERS** Respondents not to remove Petitioner from custody in the District of New Mexico pending further order of this Court.

As for the Motion for a Preliminary Injunction and Petition and Amended Petition for Writ of Mandamus (Doc. 9, 10, 11, 12), all Respondents except Respondent Castro[1] have entered an appearance in this case, but the matter is not fully briefed. Notice to the opposing party is a prerequisite to obtaining a preliminary injunction. Fed. R. Civ. P. 65. Accordingly, pursuant to Fed. R. Civ. P. 5, Petitioner shall **SERVE** copies of Docs. 9, 10, 11, and 12 on Respondents as soon as practicable. Petitioner is further directed to **SERVE** copies of this Order on Respondents. Because Respondent Castro has not appeared in the case, Petitioner shall serve copies of Docs. 9, 10, 11, and 12, along with a copy of this Order on Respondent Castro in accordance with the provisions of Fed. R. Civ. P. 4.[2] Petitioner shall file a certificate of service confirming when service on Respondents is complete.

Once service is complete, the Court will require Respondents to brief the mandamus and habeas corpus issues raised in the filings and show cause why the requested habeas and/or mandamus relief should not be granted within 45 days after service. The briefing should include, but is not limited to, any issues as to the jurisdiction of the Court to grant the relief requested and

---

[1] The entry of appearance by the United States indicates the United States does not represent Respondent Castro because Castro is an employee of a private entity not an employee of the United States. **[Doc. 13].**

[2] The record indicates that Petitioner served the Petition for Writ of Habeas Corpus on Respondent Castro in accordance with the provisions of Rule 4. **[Doc. 5].** Therefore, Petitioner does not need to re-serve Respondent Castro with the Petition but only need serve the motions and this Order on Respondent Castro. This Order is not a determination of the adequacy of service on Respondent Castro or the time to respond to the Petition and is without prejudice to any motions or defenses Petitioner or Respondent Castro may raise.

the impact, if any, of the pending Florida state criminal proceedings.

**IT IS SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

4